IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISMAEL MEL DOMINGUEZ, : | 1:12-cv-877 | |
| : | | |
| Petitioner, : | | |
| : | Hon. John E. Jones III | |
| v. : | | |
| : | Hon. J. Andrew Smyser | |
| DAVID EBBERT, WARDEN, : | | |
| : | | |
| Respondent. : | | |

## MEMORANDUM

### July 30, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Smyser (Doc. 8) filed on July 10, 2012 recommending that Petitioner Ismael Mel Dominguez's ("Petitioner") petition for writ of habeas corpus be denied and that this case be closed. Objections to the R&R were due by July 27, 2012, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, deny the petition and close this case.

**I.      STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

At issue in this habeas corpus matter is whether the Bureau of Prisons ("BOP") accurately computed the amount of time that Petitioner must serve on his federal sentence. We agree with Magistrate Judge Smyser that the BOP has correctly computed the Petitioner's sentence for the reasons that follow.

"To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be entitled. " *Lerario v. United States*, 371 F. Supp. 2d 633, 635 (M.D.Pa. 2005)(Rambo, J.). In this matter, the BOP correctly determined that Petitioner's federal sentence began to run on January 4, 2010, the date he entered federal custody to begin serving his sentence. This is true despite the fact that he had been transferred to federal custody before his guilty plea pursuant to a writ of habeas corpus *ad prosequendum*, because while in federal custody on that writ, he remained in the primary custody of the state. *See Rios v. Wiley*, 201 F. 3d 257, 274 (3d Cir. 2000)("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."). The Petitioner cannot receive an award of credit towards his federal sentence pursuant to 18 U.S.C. § 3585(b) for time he was serving on a state sentence. Thus, it is evident that Petitioner's federal sentence did not begin to run until January 4, 2010, when he entered federal custody to begin serving his federal sentence and we agree with Magistrate Judge Smyser that the BOP did not abuse its discretion in refusing to retroactively designate the state prison as the place of service of the Petitioner's federal sentence.

As we have already mentioned, the Petitioner has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.